UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROYREGUIES HALL #473044/118979     CIVIL ACTION NO. 17-cv-1203

VERSUS                             CHIEF JUDGE HICKS

NELSON DAVID                       MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Royreguies Hall ("Plaintiff") is a self-represented prisoner who was housed at the Caddo Correctional Center. He filed this civil rights action against Dr. David Nelson based on allegations of unconstitutional medical care at the jail. He also named as defendants Caddo Correctional Center and Medical Staff Caddo Correctional Center, but those two defendants were dismissed by an earlier order. Docs. 30 & 37. For the reasons that follow, it is recommended that the remaining claims against Dr. Nelson be dismissed without prejudice for failure to prosecute.

Plaintiff's original complaint was filed on a form provided by the court. The last section of the form, which was signed and dated by Plaintiff, stated: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." When the court ordered that Plaintiff's complaint be served, the order ended with the statement: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." Doc. 12. Plaintiff, before and after that order issued, filed notices

of change of address with the clerk of court. His most recent notice in February 2019 stated that he was housed at the Caddo Correctional Center.

In October 2019, the clerk of court mailed an order to Plaintiff at his last given address. The mail was returned from the jail with an indication that Plaintiff was "gone." Doc. 45. That item was received on November 18, 2019, and Plaintiff has not filed anything since then.

Plaintiff was warned in his complaint form and in a prior order that he must keep the court informed of his current address. Those warnings were consistent with Local Rule 11.1 that provides each attorney and pro se litigant has a continuing obligation to apprise the court of any address change. Local Rule 41.3 authorizes dismissal when notices mailed by the court are returned for reason of an incorrect address and no correction is made within 30 days. More than 30 days have now passed since the mail was returned, and nothing has been filed by Plaintiff in the interim. The court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining his participation in the litigation. Dismissal without prejudice for failure to prosecute is warranted in these circumstances. Honore v. Christian, 2005 WL 1330152, *3 (W.D. La. 2005); St. Juniors v. Burgess, 2016 WL 4368230 (E.D. La. 2016).

Accordingly,

It is recommended that all of Plaintiff's remaining claims in this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge